IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00230-WYD-KLM

CHARLES BUSH,
BRAD GRIMSLEY,
MARK L. HANSON, and
JOHN F. NOBLE, all individuals residing in Colorado,

      Plaintiffs,

v.

FEDEX FREIGHT, INC., an Arkansas corporation doing business in Colorado,

      Defendant.

_____

## ORDER GRANTING MOTION TO AMEND ANSWER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Leave to File an Amended Answer to Add Recently Discovered Defenses** [Docket No. 33; Filed October 10, 2012] (the "Motion"). On November 5, 2012, Plaintiffs filed a Response [#35]. On November 26, 2012, Defendant filed a Reply [#41]. The Motion is thus fully briefed and ripe for resolution. For the reasons set forth below, the Court **GRANTS** the Motion [#33].

This matter pertains to Defendant's alleged discriminatory employment practices. *See Compl.* [#1] at 1-2. Specifically, Plaintiffs contend that Defendant demoted or discharged older, experienced drivers based on allegedly unpreventable accidents as a pretext for age discrimination. *Id.* Plaintiffs assert four claims: (1) three claims for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, by all Plaintiffs; and (2) unlawful retaliation under the ADEA, by

Defendants Brad Grimsley and Mark L. Hanson.  *Id.* at 20-28.  Defendant raises nine defenses in its Answer: (1) the Complaint fails to state a claim upon which relief may be granted;  (2) Defendant had legitimate, non-discriminatory business reasons for demoting/terminating Plaintiffs; (3) Plaintiffs failed to mitigate their alleged damages; (4) Defendant's "policies regarding driver qualifications constitute reasonable policies necessary to achieve the legitimate goal of ensuring the highest degree of safety for the over the road vehicles operated by Defendant;" (5) "Defendant's policies regarding the safety of the over the road vehicles operated by Defendant are justified based on business necessity;" (6) the challenged decisions would have been made regardless of Plaintiffs' ages; (7) failure to administratively exhaust some claims before the Equal Employment Opportunity Commission (EEOC) or Colorado Civil Rights Division (CCRD); (8) limitation of damages pursuant to 42 U.S.C. § 1981a(b)(3); and (9) Defendant "made a good faith effort to comply with all laws prohibiting discrimination in the workplace."  *Answer* [#10] at 17-18.

Pursuant to the Motion, Defendant seeks to amend its Answer to add two after-acquired evidence defenses against Plaintiff John F. Noble ("Noble") only: (1) fraud in inducing Defendant to enter into an employment relationship with him, and (2) unclean hands.  *See Motion* [#33] at 1.  On September 19, 2012, Plaintiff Noble was deposed by Defendant.  In short, Defendant asserts that Plaintiff Noble admitted that he was terminated from his former employer TSA for sleeping on the job, not voluntarily as he stated on his employment application for Defendant.  *Id.* at 2 (citations to the record omitted).  Defendant avers that, if Plaintiff Noble prevails on his claims, "this conduct would provide an independent basis for termination of his employment and, at a minimum, terminates his

-2-

right to receive back pay and front pay as of the date that [Defendant] discovered the misconduct." *Id.* at 4. Defendant contends that if it had learned of Plaintiff Noble's dishonesty before or during his employment, he may not have been hired and could have been terminated on that basis alone. *Id.*

As a preliminary matter, the pleading amendment deadline expired on June 22, 2012. *See Scheduling Order* [#15] at 16. The present Motion was filed on October 10, 2012 and, therefore, is untimely. Accordingly, Defendant must provide good cause for its failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.   Good Cause to Modify the Pleading Amendment Deadline

Defendant contends that good cause exists to amend the pleading amendment deadline because it did not know about the information underlying its new defenses until approximately three months after the deadline expired. *Reply* [#41] at 1-2. Plaintiff Noble counters that Defendant's conduct of waiting 110 days after the deadline expired to file its Motion does not evidence the diligence necessary to satisfy the Rule 16(b)(4) good cause standard. *Response* [#32] at 5.

Defendant must "show that [it] was diligent in attempting to meet the [pleading amendment] deadline;" this standard can be met by the provision of "an  adequate

explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does).  Defendant avers that it only discovered that Plaintiff Noble was allegedly dishonest on his employment application during his deposition on September 19, 2012. *Motion* [#33] at 2.  Twenty-one days later it filed the present Motion.  *Id.*

The Court is inclined to allow amendment of the Answer here.  The length of the delay is not a traditional consideration in determining whether a party has been diligent; however, the Court notes that the short delay between Plaintiff Noble's deposition and the filing of the present Motion informs the Court's interpretation of Defendant's conduct and whether it evidences diligence.  Further, there is no evidence that Defendant was careless in a way that the good cause standard is meant to address.  *See Pumpco, Inc. v. Schenker Int'l, Inc.* 204 F.R.D. 667, 668 (D. Colo. 2001).  The Court therefore find that Defendant has provided good cause for requesting leave to amend outside the pleading amendment deadline.

### B.    Rule 15(a) Requirements

Turning then to Rule 15(a) and whether justice would be served by permitting amendment, in situations where the request falls outside the pleading amendment deadline and assuming good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile.  *Foman*, 371 U.S. at 182.  Plaintiff Noble argues that amendment should be denied based on undue delay and futility.[1]  *Response* [#35] at

---

[1]  Plaintiff Noble also argues that Defendant "was never concerned with Mr. Noble's non-driving TSA job" and that Defendant "cannot now claim . . . that this was material, much less

3-9.

First, concerning delay, "[t]he important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Minter*, 451 F.3d at 1206.  The Tenth Circuit "focuses primarily on the reason for the delay." *Id.*  A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted).  Other common reasons for finding undue delay include lack of adequate explanation for the delay and when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

In essence, Plaintiff Noble argues that if Defendant's Human Resources personnel had followed up on Plaintiff Noble's employment application, as they allegedly should have done pursuant to Defendant's own hiring procedures, then it would have known of the issues raised in this Motion back in January of 2010. *Response* [#35] at 7-9.  The Court declines to embrace the distorting effect of this kind of hindsight. *See Orsorio v. Milyard*, No. 08-cv-00350-CMA-KLM, 2010 WL 55500, at *13 (D. Colo. Jan. 6, 2010).  Plaintiff Noble has neither demonstrated that Defendant affirmatively knew of Plaintiff Noble's asserted dishonesty in January 2010 or that it had such information within its possession and thus should have known about the dishonesty.  Further, Plaintiff Noble has not demonstrated

_____

grounds for immediate termination." *Response* [#35] at 9-10.  Plaintiff Noble neither cites to any case law in support of this argument nor connects it to any of the traditional considerations in whether to allow amendment.  The Court will not do so on Plaintiff Noble's behalf and therefore declines to consider this argument.

that Defendant simply "put on blinders" to such information; rather, the evidence presented merely demonstrates that Defendant trusted the information in Plaintiff Noble's employment application and either declined to or failed to follow up on it. *See Response* [#35] at 7-9. Even if Defendant could have discovered this information, these events occurred long before the threat of litigation loomed. Delay based on whether Defendant should have discovered Plaintiff Noble's asserted dishonesty is not the type of <u>undue</u> delay contemplated by this consideration. *See Minter*, 451 F.3d at 1206. The Court further notes that Defendant acted quickly to correct its Answer once it was made aware of these facts. *See Martinez v. City & Cnty. of Denver*, No. 11-cv-00192-MSK-KLM, 2012 WL 4097298, at *3 (D. Colo. Sept. 18, 2012). Thus, the Court finds that this history does not evidence undue delay.

Turning to Plaintiff Noble's next argument, an amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Plaintiff Noble suggests that Defendant's proposed amendment would be futile, because: (1) "there is no wrongdoing;" and (2) Defendant cannot demonstrate that, "even if there was wrongdoing, it would have terminated [Plaintiff] Noble's employment on those grounds alone." *Response* [#35] at 4.

Each of these arguments may quickly be disposed of. First, based on the limited evidence provided by the parties, there appears to be a fact issue on whether Plaintiff Noble was dishonest on his employment application. Plaintiff Noble points to evidence indicating that Plaintiff Noble was permitted to call his prior termination a voluntary "resignation." *See id.* (citing *Depo. of Noble* [#35-1] at 101-102). Defendant counters with

evidence indicating that, even if this is technically true, Plaintiff Noble also specified on his employment application that the reason underlying his resignation was a "family emergency," while he testified at his deposition that he was terminated for sleeping on the job. *Reply* [#41] at 4-5 (citing *Ex. B, Application of Noble* [#33-2] at 3). Such a fact issue would allow the amendment to survive a motion to dismiss. *See Innovatier*, 2010 WL 148285, at *2.

Second, Plaintiff Noble argues that Defendant cannot prove that it would have terminated Plaintiff Noble had it known that he had falsified information on his application. *Response* [#35] at 6-7 (citing to *McKennon v. Nashville Banner Publ/g Co.*, 513 U.S. 352, 362-63 (1995) ("Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge."). Plaintiff Noble raises evidence demonstrating that Defendant's policy was that it "may" deny employment or discharge from employment anyone misrepresenting or omitting material facts from his application. *Response* [#35] at 6-7. However, Plaintiff Noble has not presented evidence indicating that, under the specific circumstances of this case, Plaintiff Noble's alleged misrepresentation would not have been sufficient for Defendant to decide to terminate him. Again, based on the limited evidence before the Court on this Motion, there appears to be a fact issue as to this point, which would thus permit the amendment to survive a motion to dismiss. *See Innovatier*, 2010 WL 148285, at *2. In the circumstances at hand, the Court will not deny leave to amend on the basis of futility. *Cf., e. g.*, *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he preferred practice is to accord a [party] notice and an opportunity to amend his [pleading]

before acting upon a motion to dismiss for failure to state a claim[ .]"). The Court therefore permits Defendant leave to file a First Amended Answer. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts Defendant's First Amended Answer [#33-3] for filing as of the date of this Order.

Dated:  December 10, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge